**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| **BRITTANY HILL,**<br><br>                **Plaintiff,**<br><br>     **-v-**<br><br>**EXPERIAN INFORMATION**<br>**SOLUTIONS, INC., EQUIFAX**<br>**INFORMATION SERVICES, LLC,**<br>**TRANS UNION, LLC, CITIBANK, N.A.,**<br>**CREDIT ACCEPTANCE CORP., LVNV**<br>**FUNDING LLC, KIKOFF LENDING**<br>**LLC, and VERIZON WIRELESS,**<br><br><br>                **Defendants.** | **Civil Case Number:**<br><br><br>**<u>CIVIL ACTION</u>**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

## <u>INTRODUCTION</u>

1.      Identity theft has long been a widespread problem in this country.  Over the past decades, identity theft has emerged as one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans annually fall victim to this crime and are required to spend countless hours and untold effort in attempting to undo the resulting harm caused to their credit reports.[2]

2.      Plaintiff, Brittany Hill, has been the unfortunate victim of identity theft.

---

[1] *See, Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).
[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone.  *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission—Identity Theft Survey Report 7, 12 (2003), http:// www.ftc.gov/os/2003/09/synovatereport.pdf).

Specifically, upon information and belief, at least one individual opened accounts with Credit One (now with LVNV), Kikoff, and Citibank under Plaintiff's name, without her knowledge or authorization. These accounts have destroyed Ms. Hill's credit with each of them reporting these accounts negatively.

3.      Additionally, Credit Acceptance is reporting Plaintiff as a joint account holder for an account relating to a car loan for Plaintiff's mother. However, Plaintiff never co-signed for joint responsibility on this account.

4.      As well, Verizon is reporting a balance on Plaintiff's account, despite Plaintiff having closed her account with no balance remaining.

5.      Rather than working with Ms. Hill to rectify this unfortunate situation, each of the Defendants refuse to remove these fraudulent accounts from her credit report, despite the Plaintiff specifically disputing these fraudulent and inaccurate items. Instead, the Defendants have continued to willfully and negligently harm the Plaintiff's credit report by continuing to associate these fraudulent and inaccurate accounts with the Plaintiff, thereby severely impacting Plaintiff's life and her ability to obtain credit.

6.      Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging Equifax Information Services, LLC, Experian Information Solutions, Inc., Transunion, LLC, CAC, LVNV, Kikoff, Citibank and Verizon. have been negligently, recklessly and knowingly disseminating false information regarding the Plaintiff's credit, namely by continuing to associate Plaintiff with these fraudulent and inaccurate accounts, particularly after the Plaintiff mailed letters to Defendants specifically advising them of this issue and submitting the necessary supporting documentation.

7.      Plaintiff further alleges that the consumer reporting agencies Transunion, Equifax

and Experian failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

8.    Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

9.    The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10.    Venue is proper in this judicial District pursuant to 28 U.S.C. 1391(b)(2).


## PARTIES

11.    Plaintiff, Brittany Hill ("Plaintiff"), is a resident of Philadelphia, Pennsylvania and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12.    Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13.    Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

14.    Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a

"consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

15.     Experian is a corporation with its headquarters located in Costa Mesa, California.

16.     Defendant Transunion, LLC ("Transunion") is also one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.   Transunion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

17.     Transunion is a company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

18.     Defendant Credit Acceptance Corporation ("CAC") is a national lender with its headquarters located in Southfield, Michigan.

19.     Defendant LVNV Funding LLC ("LVNV") is a national debt collector with its headquarters located in Greenville, South Carolina.

20.     Defendant Kikoff Lending, LLC ("Kikoff") is a national lender with its headquarters located in San Francisco, California.

21.     Defendant Citibank, N.A. ("Citibank") is a national financial institution with its headquarters located in New York, New York.

22.     Defendant Verizon Wireless ("Verizon") is a national telecommunications

company with its headquarters located in New York, New York.

## FACTUAL ALLEGATIONS

23.     Sometime prior to April of 2023, Plaintiff discovered she was the victim of identity theft. Around that same time, Plaintiff noticed that a number of accounts were appearing on her consumer credit reports from Equifax, Experian and Transunion (collectively the "CRAs"), which were opened without her knowledge or authorization to do so. These accounts include:

- CITI CARDS/CITIBANK account number 542418XXXXXXXXXX;

- RESURGENT/LVNV FUNDING account number 444796XXXXXXXXXX (original creditor Credit One Bank, N.A.); and

- KIKOFF LENDING LLC account number 2KJGXXXX.

24.     Plaintiff also noticed that Credit Acceptance Corporation was reporting account number 9967XXXX on her report as a joint responsibility account with Plaintiff's mother. However, Plaintiff never signed for any responsibility for this auto loan.

25.     Further, Plaintiff discovered that Verizon was reporting a balance on account number 756355XXXXXXX. Plaintiff closed this account with Verizon and was informed at the time that there was no outstanding balance. When she received a subsequent bill from Verizon, she was informed by a representative for Verizon that this was in error and confirmed she had no remaining balance.

26.     Plaintiff took appropriate action, including completing a sworn FTC Identity Theft Affidavit, in which she listed these accounts as they were appearing on her credit reports despite the fact that they were not hers and she had never opened them.

27.     Accordingly, Plaintiff disputed these fraudulent and inaccurate accounts with the CRAs on or around May 1, 2023. In those disputes, Plaintiff clearly advised the CRAs that she

was the victim of identity theft, that additional information was inaccurate, and that this information should be removed and blocked and/or corrected.

28.     With those disputes, Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

29.     Following receipt of Plaintiff's dispute, Experian refused to investigate, correct or remove or correct the fraudulent and/or inaccurate CAC, Citibank, Kikoff, LVNV and Verizon accounts from the Plaintiff's credit file.  Instead, that information is still being reported to this day.

30.     Upon information and belief, Experian had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

31.     Equifax also refused to investigate, correct or remove the fraudulent and/or inaccurate CAC, Citibank, LVNV and Verizon accounts from the Plaintiff's credit file.  Instead, that information is still being reported to this day.

32.     Upon information and belief, Equifax had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

33.     Similarly, Transunion refused to investigate, correct or remove the fraudulent CAC, Citibank and LVNV accounts from the Plaintiff's credit file. .  Instead, that information is still being reported to this day.

34.     Upon information and belief, Transunion had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

35.     The CRAs, CAC, Citibank, Kikoff, LVNV and Verizon were each notified of the respective disputes but refused to investigate and/or remove inaccurate reporting.

36.     At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and

1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

37.     Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

38.     In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

39.     As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in her daily life, by the impact that this derogatory information has had on her credit score and her ability to secure credit.  For example, Plaintiff has been denied credit due to these derogatory inaccuracies.

40.     Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in her daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15  U.S.C. § 1681i
### AGAINST EQUIFAX

41.     All preceding paragraphs are realleged.

42.     At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

43.     The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph

(5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

44.     On or around May 1, 2023, the Plaintiff initiated a dispute with Equifax requesting that they correct and remove the specific fraudulent and inaccurate items in her credit file that were patently inaccurate and damaging to her, including the CAC, Citibank, LVNV and Verizon accounts. Plaintiff provided information and documentation showing that these accounts were inaccurate and that she was the victim of identity theft and had not opened these accounts.

45.     However, Defendant Equifax never adequately investigated the Plaintiff's disputes, as required by the FCRA.

46.     Instead, Equifax, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

47.     As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

<u>**COUNT II**</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681c-2**
**AGAINST EQUIFAX**

48.     All preceding paragraphs are realleged.

49.     On or about around May 1, 2023, Plaintiff initiated a dispute with Equifax requesting that they correct and remove the fraudulent Citibank and LVNV accounts, as these accounts were fraudulently opened by an individual other than the Plaintiff.

50.     In support of this dispute, the Plaintiff included copies of the sworn FTC Identity

Theft Affidavit.

51.    Equifax refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

52.    As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Equifax continued to report this fraudulent information.

53.    As a direct and proximate result of Equifax's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed

**COUNT III**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

54.    All preceding paragraphs are realleged.

55.    At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

56.    The FCRA provides that:

> "***if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

57.    On or around May 1, 2023, the Plaintiff initiated a dispute with Experian requesting that they correct and remove the specific fraudulent and inaccurate items in her credit file that were patently inaccurate and damaging to her, including the CAC, Citibank, Kikoff, LVNV and Verizon

accounts. Plaintiff provided information and documentation showing that these accounts were inaccurate and that she was the victim of identity theft and had not opened these accounts.

58.    However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

59.    Instead, Experian, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

60.    As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT IV
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2
## AGAINST EXPERIAN

61.    All preceding paragraphs are realleged.

62.    On or about December, 2022, Plaintiff initiated a dispute with Experian requesting that they correct and remove the fraudulent Citibank, LVNV and Kikoff accounts, as these accounts were fraudulently opened by an individual other than the Plaintiff.

63.    In support of this dispute, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

64.    Experian refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

65.    As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Experian continued to report this fraudulent information.

66.     As a direct and proximate result of Experian's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

**<u>COUNT V</u>**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST TRANSUNION**

67.     All preceding paragraphs are realleged.

68.     At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

69.     The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

70.     On or around May 1, 2023, the Plaintiff initiated a dispute with Transunion requesting that they correct and remove the specific fraudulent and inaccurate items in her credit file that were patently inaccurate and damaging to her, including CAC, Citibank and LVNV accounts. Plaintiff provided information and documentation showing that these accounts were inaccurate and that she was the victim of identity theft and had not opened these accounts.

71.     However, Transunion never adequately investigated the Plaintiff's disputes, as required by the FCRA.

72.     Instead, Transunion, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic

-11-

investigation would have prevented.

73.     As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT VI**
**VIOLATIONS OF THE**
**FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681c-2**
**AGAINST TRANSUNION**

74.     All preceding paragraphs are realleged.

75.     On or around May 1, 2023, Plaintiff initiated a dispute with Transunion requesting that they correct and remove the fraudulent Citibank and LVNV accounts, as these accounts were fraudulently opened by an individual other than the Plaintiff.

76.     In support of this dispute, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

77.     Transunion refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

78.     As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Transunion continued to report this fraudulent information.

79.     As a direct and proximate result of Transunion's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed

**COUNT VII**

**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 U.S.C. § 1681s-2(b)**
**AGAINST CAC**

80.     All preceding paragraphs are re-alleged.

-12-

81.    Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

82.    On or around May 1, 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the accounts being reported by CAC.

83.    Upon information and belief, CAC received notice of these disputes from the credit bureaus.

84.    CAC was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

85.    Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, CAC refused to conduct a reasonable investigation and continued inaccurately reporting the multiple fraudulent accounts on Plaintiff's credit reports.

86.    CAC's conduct violated section 1681s-2(b) of the FCRA.

87.    As a result of CAC's conduct, Plaintiff was harmed, as discussed above.

## COUNT VIII

### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 U.S.C. § 1681s-2(b)
### AGAINST CITIBANK

88.    All preceding paragraphs are re-alleged.

89.    Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

90.    On or around May 1, 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by Citibank.

91.    Upon information and belief, Citibank received notice of these disputes from the credit bureaus.

92.    Citibank was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a

complete and thorough investigation with respect to Plaintiff's dispute.

93.     Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, Citibank refused to conduct a reasonable investigation and continued inaccurately reporting the fraudulent account on Plaintiff's credit reports.

94.     Citibank's conduct violated section 1681s-2(b) of the FCRA.

95.     As a result of Citibank's conduct, Plaintiff was harmed, as discussed above.

## COUNT IX
### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 U.S.C. § 1681s-2(b)
### AGAINST LVNV

96.     All preceding paragraphs are re-alleged.

97.     Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

98.     On or around May 1, 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by LVNV.

99.     Upon information and belief, LVNV received notice of these disputes from the credit bureaus.

100.    LVNV was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

101.    Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, LVNV refused to conduct a reasonable investigation and continued inaccurately reporting the fraudulent account on Plaintiff's credit reports.

102.    LVNV's conduct violated section 1681s-2(b) of the FCRA.

103.    As a result of LVNV's conduct, Plaintiff was harmed, as discussed above.

## COUNT X

### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 U.S.C. § 1681s-2(b)
### AGAINST KIKOFF

104.    All preceding paragraphs are re-alleged.

105.    Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

106.    On or around May 1, 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by Kikoff.

107.    Upon information and belief, Kikoff received notice of these disputes from the credit bureaus.

108.    Kikoff was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

109.    Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, Kikoff refused to conduct a reasonable investigation and continued inaccurately reporting the fraudulent account on Plaintiff's credit reports.

110.    Kikoff's conduct violated section 1681s-2(b) of the FCRA.

111.    As a result of Kikoff's conduct, Plaintiff was harmed, as discussed above.

## COUNT XI

### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 U.S.C. § 1681s-2(b)
### AGAINST VERIZON

112.    All preceding paragraphs are re-alleged.

113.    Furnishers of credit information have a duty under the FCRA to investigate disputes

from consumers as to the accuracy of information being reported.

114.    On or around May 1, 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by Verizon.

115.    Upon information and belief, Verizon received notice of these disputes from the credit bureaus.

116.    Verizon was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

117.    Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, Verizon refused to conduct a reasonable investigation and continued inaccurately reporting the fraudulent account on Plaintiff's credit reports.

118.    Verizon's conduct violated section 1681s-2(b) of the FCRA.

119.    As a result of Verizon's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

120.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages, statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

B. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

C.  A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully

above;

D.  Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct

alleged herein; and

E.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.


Dated: November 13, 2023


By:    /s/ Ari Marcus
       Ari H. Marcus, Esq.
       MARCUS & ZELMAN, LLC
       701 Cookman Avenue, Suite 300
       Asbury Park, New Jersey 07712
       (732) 695-3282 telephone
       (732) 298-6256 facsimile
       *Attorney for Plaintiff*